IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>DAWINE HARMON,<br><br>*Defendant.* | Criminal Action No. 21-05-RGA |

### MEMORANDUM ORDER

Defendant Harmon has filed a motion to suppress all evidence seized pursuant to a search warrant executed at his home. (D.I. 23). It also seeks to suppress evidence seized pursuant a search warrant from the searches of two iPhones. And it seeks to suppress Defendant's statements on November 19, 2020. There has been a response, a reply, and a sur-reply. (D.I. 27, 29, 32).

The search of the home occurred first. It is clearly the main point of Defendant's motion. Defendant's argument concerning the search of the home is two-fold, both folds being based on the search warrant. One argument is that the search warrant lacked probable cause, that the issuing judge did not have a substantial basis to issue it, and that it is not saved by the good faith exception. (D.I. 23 at 6-14, 16-18). The other argument, a *Franks* argument, is that the affiant "omit[ted] relevant information for determining if [the warrant] should be issued." (D.I. 23 at 1, 14-16).

I address the second argument first. The factual predicate for the warrant was based on the idea that the home would contain evidence relating to attempted murder in connection with shootings that took place at about 9:30 p.m. on November 4, 2020, in New Castle County,

1

Delaware. (D.I. 23, Ex. I at ¶ 3). Defendant was connected to the incident by DNA comparison of a DNA profile taken from a shell casing found at the scene, which was identified with Defendant through CODIS. (D.I. 23, Ex. I at ¶ 19).

Detective David DiNardo was the affiant on the November 17 search warrant application. (D.I. 23, Ex. I at 2). The affidavit does not make any mention of the whereabouts of Defendant on November 4, although it does state that Defendant was named on the lease for his home, that he had lived there since May 2020, and that Detectives saw him leaving his home on November 9, 2020. (D.I. 23, Ex. I at ¶ 24).

Detective DiNardo was also the affiant on the November 24 search warrant application for the two iPhones. (D.I. 23, Ex. II at 2). In this application, Detective DiNardo recounts that Defendant told him on November 19 that Defendant had been in Orlando, Florida, on November 4, and that Detective DiNardo had verified the truth of this assertion, meaning that Defendant could not have been present for the shootings in Delaware on November 4. (D.I. 23, Ex. II at ¶¶ 25, 29, 30).

The basis for the *Franks* challenge is the assertion that Detective DiNardo already knew when he received the November 17 home search warrant that Defendant had been in Florida at the time of the shootings on November 4, and did not disclose that information to the issuing Justice of the Peace. (D.I. 23 at 4, 14). As support for this assertion, Defendant alleges that the U.S. Probation Officer who supervised him knew that Defendant was in Florida at the time of the shootings, and that the County Police provided this information to the U.S. Probation Officer prior to obtaining the November 17 warrant. (D.I. 23 at 4, 14; D.I. 29 at 2-3). The factual basis (as opposed to speculation) for Defendant's argument is that the County Police were interested in Defendant in connection with the shootings by November 9, knew he was on federal probation,

and viewed his Instagram account by November 9. (D.I. 23, Ex. III at 5; D.I. 27-1, Ex. A at 1). The Instagram account had photos showing that Defendant was in Florida, of which the County Police were aware, because the information was transmitted to the U.S. Probation Officer, who interviewed Defendant on November 12 and asked him about travelling to Florida, which Defendant admitted. (*United States v. Harmon*, Crim. No. 14-43-RGA, D.I. 42 (petition for violation of supervised release)). The Probation Officer wrote, "On November 9, 2020, this officer received information that [Defendant] traveled outside the District of Delaware to Florida. On November 12, 2020, this officer questioned [Defendant] about traveling outside the district. He admitted to traveling to Orlando, Florida without permission." (*Id.*, Violation No. 4).[1]

Defendant argues that the above is a sufficient showing to have a *Franks* evidentiary hearing, because by omitting this information, the warrant application implied that Defendant was at the scene of the shootings. (D.I. 23 at 14-15). Defendant asserts it to be a "deliberately or recklessly false affidavit." (D.I. 23 at 16).

The standard for obtaining an evidentiary hearing is fairly demanding. A defendant has to make "a substantial preliminary showing" that the affidavit contains a material false statement or reckless omission that was made knowingly or with reckless disregard for the truth. *Franks v. Delaware,* 438 U.S. 154, 155-56 (1978). This means that "allegations of negligence or innocent mistake are insufficient." *Id.* at 171. The preliminary showing requires the production of evidence, such as affidavits or "reliable statements of witnesses." *Id.* Defendant has produced

---

[1] Defendant's motion says he told the Probation Officer specifically that he left around mid-day November 4 and returned on November 8. Unlike most of his footnoted motion, no support is offered for the specificity that is asserted. It therefore cannot constitute any part of a substantial preliminary showing.

various reliable statements (i.e., search warrant affidavits, violation petitions, police reports), but none of those statements go to heart of the matter. That is, if the issue was, should the County Police and Detective DiNardo have known (or did they know) that Defendant's Instagram account posted a picture implying that Defendant was probably or likely in Florida on November 5, Defendant made that showing. But that is not the relevant showing. None of Defendant's arguments cite a shred of reliable evidence that Detective DiNardo (or, for that matter, any other police officer or the federal probation officer) knew or should have known by November 17 that Defendant was in Florida at the time of the shootings on November 4.

Thus, Defendant's request for a *Franks* hearing is DENIED.

The issues relating to the probable cause, substantial basis, and good faith exception for the home search warrant and the iPhones search warrant are to be resolved on the four corners of the search warrants at issue. The Court is unsure about the parties' view on whether there needs to be a hearing on the warrantless arrest and subsequent statement of Defendant. The parties should meet and confer on that limited issue and advise the Court of their conclusion. The Court will hold oral argument on all remaining issues on July 11, 2022, at 9 a.m. The time between today and July 11, 2022, is EXCLUDED under the Speedy Trial Act in the interest of justice so that the attorneys have time to prepare for oral argument.

IT IS SO ORDERED this 29th day of June 2022.

/s/ Richard G. Andrews
United States District Judge